UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


BRIAN RUNNELS                                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 5:11CV13-RHW

JACQUELYN BANKS et al                                                          DEFENDANTS


**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Brian Runnels, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C.

§ 1983 prisoner civil rights complaint alleging that the defendants violated his First Amendment

right to free exercise of religion and violated provisions of the Religious Land Use and

Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a).  With the exception of Larry

Lee, Defendants are all employees of the Wilkinson County Correctional Facility (WCCF),

which is owned and operated by Correctional Corporation of America (CCA).  CCA houses

Mississippi inmates pursuant to a contract with the Mississippi Department of Corrections

(MDOC).  From August 13, 2009, through November 19, 2010, Plaintiff was housed at WCCF.

Defendant Jacquelyn Banks is the warden at WCCF;  Defendants Victor Vines and Gaberial

Walker are assistant wardens at WCCF;  Defendant Leon Perry is chief of security at WCCF;

and Defendant Willie Robert Jones, Jr. was the chaplain at WCCF during the relevant time

frame.  Defendant Larry Lee is employed by MDOC as the contract monitor at WCCF.

According to Plaintiff, Lee was responsible for ensuring that WCCF complied with MDOC's

policies.

Plaintiff originally filed his complaint on October 29, 2010, in the Circuit Court of

Wilkinson County, Mississippi.  Shortly thereafter, Plaintiff was transferred to the South

Mississippi Correctional Institute (SMCI) in Leakesville, Mississippi.  On February 7, 2011,

Defendants removed the lawsuit to the United States District Court for the Southern District of

Mississippi.  On March 23, 2011, the Court conducted a screening hearing pursuant to 28 U.S.C.

§ 1915A.  The parties consented to proceed before the undersigned.  The Court set a discovery

deadline of July 15, 2011, and a dispositive motion deadline of August 15, 2011.  Pursuant to the

Court's [11] Order of April 5, 2011, Plaintiff filed an [14] Amended Complaint.  The amended

complaint did not add any new claims or parties but simply expanded on the claims raised

previously in Plaintiff's state court complaint.

The Court, through counsel for the Defendants, ascertained the full name and current

address of Chaplain Willie Robert Jones, Jr., whom Plaintiff had named as "Chaplain Jones" in

his original and amended complaint.  On May 11, 2011, the Court entered an [23] Order

Directing Service of Process to Willie Robert Jones, Jr., who was then served with process on

June 14, 2011.  He answered the amended complaint on July 10, 2011.  It was not until this point

that all parties had joined the lawsuit.  Defendant Jones also consented to proceed before the

undersigned.

In the meantime, the parties filed numerous motions, many of which remain pending.

Defendant Larry Lee filed a [12, 13] Motion to Dismiss for Failure to Exhaust Administrative

Remedies and to Stay.  Plaintiff filed two [15, 42] Motions for Preliminary Injunctions/

Temporary Restraining Orders.  Plaintiff also filed a [17] Motion to Vacate the Court's

"Judgment or Order" from the screening hearing held on March 23, 2011.  On May 23, 2011,

Plaintiff filed a  [27] Motion to Amend the Complaint, which according to the motion does not

change the substance of the amended complaint.  Upon review of the proposed amendment,

however, Plaintiff appears to add an equal protection claim.  Plaintiff has filed several discovery

motions.  *See* dkt. entries [35, 38, 47].  He also requested a [48] stay of ruling on summary

judgment until the completion of discovery.  On September 28, 2011, Defendants filed a [52]

Motion for Summary Judgment, wherein they argued that (1) Plaintiff did not submit a change of

religion form at WCCF; (2) he is not entitled to compensatory damages because he has not

demonstrated any physical injury; and (3)  his claims for injunctive relief are moot because he is

no longer housed at WCCF.

<u>**Law and Analysis**</u>

<u>**Motion to Dismiss**</u>

Turning first to Defendant Larry Lee's [12,13] Motions to Dismiss and Stay, the Court

finds that the motions should be denied.  Defendant Lee argues that Plaintiff failed to exhaust

administrative remedies because he did not specifically name Defendant Lee in the

administrative grievances.  The failure to name a particular defendant as part of a grievance does

not by itself equate with failure to exhaust administrative remedies as to that defendant.  *See*

*Johnson v. Johnson*, 385 F.3d 505, 522 (5th Cir. 2004); *Brown v. Sikes*, 212 F.3d 1205, 1207-10

(11th Cir. 2000).  The operative question is whether the grievance would alert prison officials to

Plaintiff's contention that his right to religious expression was being violated.  *See id.*

Defendants do not argue that Plaintiff failed to exhaust administrative remedies as a general

matter, only that he did not specifically name Larry Lee in the grievance process.  Nor do

Defendants assert that the grievances filed by Plaintiff somehow failed to alert them to the

problem now alleged in Plaintiff's complaint.  Moreover, Plaintiff alleges that he communicated

with Defendant Lee several times requesting accommodation for his religious beliefs but that

3

Defendant Lee chose not to do anything.  Based on the foregoing, the Court concludes that the motion to dismiss and for stay should be denied and that Defendant Lee should remain in the case at this time.

### Motion for Summary Judgment

The Defendants also filed a motion for summary judgment.  Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."

4

*John*, 757 F.2d at 708.  Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

Plaintiff alleges that WCCF and its employees violated his right to free exercise under the First Amendment and violated the RLUIPA by placing a substantial burden on his practice of the Rastafarian religion.  He seeks compensatory damages and injunctive relief against WCCF and its employees, as well as "nominal" damages in the amount of $20 per day for each day he was housed at WCCF beginning September 13, 2010.

As an initial matter, Defendants argue that according to the OffenderTrak system, Plaintiff's religious affiliation is the Church of God.  Thus, WCCF's failure to recognize Plaintiff as a Rastafarian was a result of Plaintiff's failure to submit the required change of religion form. As an exhibit to his amended complaint, Plaintiff provided an "Inmate Change of Religious Membership Record" for MDOC at Parchman that was dated July 20, 2004.  According to the form, Plaintiff requested to change his religious affiliation from Seventh Day Adventist to Rastafarian.  Significantly, the 2004 form pre-dates Plaintiff's incarceration at WCCF.  Given the conflicting evidence, the Court finds that there is a genuine issue of material fact regarding Plaintiff's officially recognized religious affiliation at the time he was incarcerated at WCCF.

Defendants also argue that Plaintiff has not sustained a "physical injury";  therefore, he cannot recover compensatory damages for any alleged constitutional violations.  Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e):

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

5

The Fifth Circuit has held that in the context of a First Amendment claim and for causes of action under the RLUIPA, a litigant must allege a physical injury to be entitled to compensatory damages. *See Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 605-06 (5th Cir. 2008); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The injury need not be significant, but it must be more than *de minimis*. *See Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003). At most, Plaintiff has alleged as an injury that he "lost a lot of weight" because he did not receive a special diet tray while at WCCF. An allegation of weight loss by itself is not sufficient to constitute a physical injury. *See Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998); *Van Wyhe v. Reisch*, 536 F.Supp. 23 1110, 1126 (D.S.D. 2008); *Murray v. Edwards County Sheriff's Dept.*, 453 F.Supp. 2d 1280, 1292 (D.Kan. 2006). Consequently, the Court finds that Plaintiff has not demonstrated any entitlement to compensatory damages.

Despite the limitations imposed by § 1997e(e), and even in the absence of a more than *de minimis* injury, a plaintiff may still pursue punitive or nominal damages based upon a violation of his constitutional rights. *See Mayfield*, 529 F.3d at 605-06. In the instant case, Plaintiff sought "nominal damages of twenty dollars a day from 9/13/09 till the day he was transferred from WCCF." Although Defendants argue that Plaintiff has not properly pleaded punitive damages, the Court liberally construes Plaintiff's request for "nominal damages of twenty dollars a day" as sufficient to encompass a request for both nominal and punitive damages. By the Court's calculation, Plaintiff is requesting "nominal" damages somewhere in the neighborhood of $8,500. Such a sum appears to be more in the nature of punitive rather than nominal. *See Williams v. Kaufman County*, 352 F.3d 994, 1014-15 (5th Cir. 2003)(discussing what amount

6

constitutes "nominal" damages).  Thus, regardless of whether Plaintiff has demonstrated a physical injury, his constitutional claims survive summary judgment review based on requests for nominal and punitive damages.  *See Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007).

With regard to Plaintiff's requests for injunctive relief, Defendants argue that these claims are moot.  In his complaint, Plaintiff seeks an injunction requiring the officials at WCCF to allow Plaintiff to practice the Rastafarian religion.  It is undisputed that Plaintiff is no longer housed at WCCF.  He has been incarcerated at SMCI since November 19, 2010. "The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."  *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).  However, if the alleged constitutional violations are "capable of repetition yet evading review", then the claims are not moot.  *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975).  To meet this exception, Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to WCCF.  *Oliver*, 276 F.3d at 741.  The standard does not require mathematical precision but only a "reasonable likelihood" of repetition.  *Id.*

In his response to the motion for summary judgment, Plaintiff asserts, but without any supporting argument or evidence, that "there is a more likely chance of (9) of (10) chances of Plaintiff being transferred back to WCCF or another C.C.A. own [sic] and operated facility that houseth state offenders."  Plaintiff also argues that he currently is being subjected to the same deprivations of constitutional rights by MDOC personnel at SMCI.  Although Plaintiff has been transferred out of WCCF, he remains incarcerated in the MDOC system.  He alleges that the policies are the same throughout the MDOC system.  In this sense, the constitutional violations

7

would be "capable of repetition", even if not at WCCF.  Out of an abundance of caution, and because the Court is permitting Plaintiff's claims to proceed on other grounds, the Court will carry to trial the issue of whether Plaintiff's demands for injunctive relief are moot.

In the motion to dismiss and motion for summary judgment, Defendants do not address the underlying merits of Plaintiff's constitutional claims.  As explained above, these remain viable at the very least by virtue of Plaintiff's claims for nominal and punitive damages.

### Motion to Amend Complaint

Plaintiff filed a [27] Motion to Amend Complaint on May 23, 2011.  The motion to amend was timely in that it was filed long before the close of discovery or the filing of Defendants' motion for summary judgment.  Morever, Defendants have not filed a response in opposition to the motion to amend.  The amendment appears to add only an equal protection claim based on the Defendants failure to allow him to practice the Rastafarian religion.  Plaintiff alleges that Defendants' actions are motivated by racial bias.  The Court finds that Plaintiff's [27] Motion to Amend Complaint should be granted pursuant to Local Rule 7(b)(3)(E).  As Plaintiff has not demonstrated a physical injury, his equal protection claim is limited to any potential recovery of nominal and punitive damages.

### Motions for Preliminary Injunction/TRO

The Court finds that Plaintiffs' [15, 42] Motions for Preliminary Injunction and/or Temporary Restraining Orders should be denied.  Because Plaintiff is no longer incarcerated at WCCF his requests for injunctive relief as to the WCCF Defendants are moot.  Moreover, the Court has carried to trial the issue of whether Plaintiff is entitled to injunctive relief on his constitutional claims.  To the extent that Plaintiff complains that he is unable to conduct legal

research and prosecute his case, the Court finds this assertion to be without merit.  As demonstrated by Plaintiff's numerous pleadings and invocation of relevant case law, there is no indication that his inmate status has hindered his ability to participate in these legal proceedings.

**Miscellaneous Discovery Motions**

The Court denies Plaintiff's [35, 38, 47] relating to discovery.  The Court has granted in part Defendants' motion for summary judgment.  Accordingly, the scope of discovery has necessarily been narrowed.  Furthermore, Plaintiff's request that the U.S. Marshal's service serve subpoenas to non-parties as part of the discovery process should be denied.  Although Plaintiff has been granted *in forma pauperis* status, a grant of such status does not mean that Plaintiff's discovery costs should be underwritten or waived by the Court.  *Tajeddini v. Gulch*, 942 F.Supp. 772, 782 (D. Conn. 1996); *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991); *see also Boring v. Kozakiewicz*, 833 F.2d 468, 473-75 (3d Cir. 1987); *Johnson v. Hubbard*, 698 F.2d 286, 289-91 (6th Cir. 1983).  As the Court has concluded that the case should proceed on the merits, the Court intends to conduct a status conference, at which time the Court will ascertain what, if any, additional discovery is necessary.

The Court further finds that Plaintiff's [48] Motion for a Stay on Defendants Motion for Summary Judgment should be denied.  The Court has ruled in Plaintiff's favor and is allowing the case to proceed on the merits.  On the issues where Defendants prevailed, injunctive relief and compensatory damages, there is no need for additional discovery.

**Motion to Vacate Judgment**

As a final matter, Plaintiff filed a [17] Motion to Vacate the Court's judgment or order of March 23, 2011.  Plaintiff is under the misconception that the Court entered an order or judgment

on the underlying merits of his case at the March 23, 2011, screening hearing.  Contrary to

Runnels' contention, the Court did not issue any ruling on the merits of his complaint at that time.

Rather, the undersigned simply pointed to relevant case law from the Fifth Circuit.  Accordingly,

the Court finds that Plaintiff's [17] Motion to Vacate should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the [12, 13] Motion to Dismiss

and Stay Case is DENIED.

IT IS FURTHER ORDERED that the [52] Motion for Summary Judgment is GRANTED

in part and DENIED in part according to the provisions outlined in this Memorandum Opinion

and Order.  The Court will schedule a status conference with the parties to discuss discovery and

trial issues, as well as set a date for the trial.

IT IS FURTHER ORDERED that Plaintiff's [15, 42] Motions for Preliminary Injunction

and Temporary Restraining Order, [17] Motion to Vacate Judgment, [35, 38, 47] discovery

motions, and [48] Motion to Stay ruling are DENIED.

IT IS FURTHER ORDERED that Plaintiff's [27] Motion to Amend Complaint is

GRANTED.  Plaintiff is directed to file with the clerk of court the proposed amended complaint

no later than **December 5, 2011.  Failure to file the proposed amended complaint will be**

**deemed by the Court as abandonment of the new claims and allegations raised therein.**

SO ORDERED, this the 18th day of November, 2011.

s/  *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE