UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRIAN RUNNELS                                                                                           PLAINTIFF

VERSUS                                                                  CIVIL ACTION NO. 5:11CV13-RHW

JACQUELYN BANKS et al                                                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' [78] Motion to Strike and [80] Motion to Dismiss Second Amended Complaint. Defendants argue that Plaintiff's amended complaint goes beyond the scope of the Court's order granting Plaintiff leave to amend to add an equal protection claim based on alleged racial bias. Defendants further argue that Plaintiff has failed to state a claim under the Equal Protection Clause. Plaintiff has not filed a response in opposition to Defendants' motions.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

While the complaint need not contain detailed factual allegations, it must contain allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must show "a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the reviewing court must accept as true all of the factual allegations in a complaint, it need not accept legal conclusions, even where they are couched as factual allegations.  *Id.*  Further, to survive a motion to dismiss based on Rule 12(b), a complaint must "permit the court to infer more than the mere possibility of misconduct. . . " *Id.* at 679.

      To the extent that Plaintiff's amended complaint attempts to join new parties or alleges any new causes of action other than an equal protection claim, the Court finds that the motion to strike should be granted.  The Court authorized Plaintiff to file an amended complaint solely on the basis of an alleged equal protection violation.  The amended complaint appears to name new parties to the lawsuit, namely Corrections Corporation of America and the Mississippi Department of Corrections.  These parties will not be added to the lawsuit at this late date because their inclusion in Plaintiff's amended complaint goes beyond the scope of the Court's order granting Plaintiff leave to amend.

      The proposed amended complaint asserts an equal protection claim based on racial bias, but also alleges that female inmates and inmates from other states are treated differently than the male inmates in the MDOC system.  To the extent that Plaintiff argues that disparate grooming policies for male and female inmates violates the equal protection clause, the Fifth Circuit has considered and rejected this claim;  therefore, it is without merit.  *See Longoria v. Dretke*, 507 F.3d 898, 904-05 (5th Cir. 2007); *Hill v. Estelle*, 537 F.2d 214, 215-16 (5th Cir. 1976).  To the extent that Plaintiff alleges an equal protection violation due to the disparate treatment of inmates from different states or incarcerated in the federal system, the Fifth Circuit likewise has considered and rejected this claim;  therefore, it is without merit.  *See Bisby v. Crites*, 2009 WL

484356, at *1 (5th Cir. Feb. 26, 2009)(unpublished).

Whether Plaintiff's claim of race-based discrimination survives a motion to dismiss presents a closer question. Plaintiff alleges that the grooming policies are discriminatory in that they only affect African-American inmates. Plaintiff asserts that Catholics, Protestants, Jews, and Muslims have a large percentage of white members; therefore, they are not affected by the grooming policy in the same way as African-American Rastifarians. In that the policy only affects African-Americans, Plaintiff asserts that the grooming policy is racially motivated.

To prevail on his equal protection claim, Plaintiff must allege and prove that he received treatment different from similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent. *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). In his complaint, Plaintiff has identified a policy which he alleges applies only to African-Americans who also happen to be Rastifarians. He further alleges that the policy is a product of racial discrimination. Although the Court recognizes it may be difficult for Plaintiff to prove that an otherwise neutral grooming policy is motivated by race-based discriminatory intent, the Court will allow Plaintiff's race-based equal protection claim to go forward at this time.

IT IS THEREFORE ORDERED AND ADJUDGED that the [78] Motion to Strike and [80] Motion to Dismiss are GRANTED in part and DENIED in part, subject to the provisions outlined in this Order.

SO ORDERED, this the 10th day of July, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE